**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-60646-CIV-UNGARO/SIMONTON**

**JESSIE BENFATTO,**

> **Plaintiff,**

**v.**

**WACHOVIA BANK, N.A., et al.,**

> **Defendants.**

_____/

### ORDER GRANTING IN PART AND DENYING IN PART
### PLAINTIFF'S MOTION TO COMPEL

Presently pending before the Court is Plaintiff's Motion to Compel (DE # 30).  This motion is fully briefed (DE ## 38, 49) and referred to the undersigned Magistrate Judge (DE # 34).  Based upon a thorough review of the record and for the reasons stated herein, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

> I.    **BACKGROUND**

Plaintiff, Jessie Benfatto, sued Defendants, Wachovia Bank, N.A. ("Wachovia") and World Savings Bank, FSB ("World Savings"), alleging that they took advantage of her advanced age and convinced her to take out two unnecessary mortgages, one in March 2006 and another in October 2006, which caused her to suffer financial hardship (DE # 1).

Thus, Plaintiff sued both Defendants for Exploitation of an Elderly Person in violation of Fla. Stat. §§ 825.101(5) and 825.103(1) (Count I); Breach of Fiduciary Responsibility (Count II); Negligent Misrepresentation (Count III); and Fraud in the Inducement (Count IV); and, in addition, Plaintiff sued Wachovia for Conversion (Count V); Breach of Agreement (Count VI); Promissory Estoppel (Count VII); and Breach of

Duty of Good Faith (Count VIII). *Id.*

In an Order dated March 23, 2008, the District Court dismissed Counts V-VIII, because they were subject to the terms of the arbitration provision contained in the Deposit Agreement between Plaintiff and Wachovia (DE # 12)

In a subsequent Order dated July 16, 2008, the District Court denied Defendants' motion to dismiss the remaining counts on the grounds that they were preempted by the National Bank Act and the Home Owners' Loan Act.  However, the Court concluded that Plaintiff failed to state a claim for breach of fiduciary duty, negligent misrepresentation or fraud in the inducement as to World Savings (DE # 25).

Therefore, at the present juncture, Plaintiff's remaining claims against Wachovia are limited to: Exploitation of an Elderly Person (Count I); Breach of Fiduciary Duty (Count II); Negligent Misrepresentation (Count III); and Fraud in the Inducement (Count IV).  Plaintiff's only remaining claim against World Savings is Exploitation of an Elderly Person (Count I).

Plaintiff filed the instant motion to compel in which she asserts that Defendants lodged improper generalized objections to in response to discovery requests; and, that Defendants made unsupportable objections to numerous specific discovery requests (DE # 30).  Defendants responded to these arguments and added that Plaintiff's motion should be denied because it exceeded the page limitations established in the Local Rules (DE # 38).

II.     ANALYSIS

A.     Page Limitation

Defendants are correct that the Local Rules prohibit any party from filing "any legal memorandum exceeding twenty pages in length," S.D. Fla. L.R. 7.1.C, and that

2

Plaintiff filed a motion to compel that was twenty pages in length, along with an accompanying nine-page memorandum of law (DE # 38 at 3-4).[1] Defendants' suggestion that the Court should deny the motion to compel on those technical grounds, however, is misguided.

Pursuant to Local Rule 26.1.H, Plaintiff was required, for each separate request for production, to state "(a) verbatim the specific item to be compelled; (b) the specific objections; (c) the grounds assigned for the objection . . .; and (d) the reasons assigned as supporting the motion as it relates to that specific item."  S.D. Fla. L.R. 26.1.H.  The undersigned finds that Plaintiff clarified matters for the Court by following this Local Rule and that the motion and accompanying memorandum were succinct, in light of the fact that the motion addressed two general objections and 13 separate specific objections.  The Court will proceed to the merits of Plaintiff's motion, although Plaintiff and her counsel are advised that, in the future, they shall request leave of the Court prior to filing any memoranda that exceeds the page limitations set forth in the Local Rules.

B.    **Generalized Objections**

Plaintiff is correct that Defendants' generalized objections, which purported to object to each and every category of documents, are not recognized by this Court.  *See,*

---

[1]  Plaintiff suggests that she complied with the Local Rules because her memorandum of law is twenty pages long, and because the Rules say nothing of her filing a separate, nine-page motion.  This logic is unpersuasive for the simple reason that the Local Rules are clearly meant to limit the length of filings made in this Court, and it would make no sense to allow parties to evade those page limitations simply by splitting a single document into two or more related, but separately-filed documents, like Plaintiff's motion and memorandum here.  *Cf. State Farm Fire and Cas. Co. v. Richardson*, No. 07-0791-WS-B, 2008 WL 4531765, at *1 (S.D. Ala. Oct. 9, 2008) ("The 30-page briefing limitation set forth in [Southern District of Alabama] Local Rule 7.1(b) would be meaningless if a party could disaggregate the fact and law portions of its brief into two different filings.").

*e.g.,* S.D. Fla. L.R. 26.1 G.3.(a); *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399 (S.D. Fla. 2008) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).  Defendants are not permitted to assert that Plaintiff's discovery requests exceed the scope of the Federal Rules without explaining how a particular request is out of bounds; and, they may not claim that all of Plaintiff's discovery requests are privileged and non-discoverable without providing a privilege log in accordance with the Federal and Local Rules. Defendants appear to recognize these well-settled propositions, as they did not address these arguments in their response.

   C.   Requests No. 6-7

   Plaintiff sought, and Wachovia opposed, the production of the following categories of documents:

   Request No. 6:  "All agreements, authorizations, signatory cards, and documents related to the opening of any . . . accounts" in Plaintiff's name "or in which she had any interest."

   Request No. 7: "All . . . documents related to the opening of any certificates of deposit" in Plaintiff's name "or in which she had any interest."

   1.   The Parties' Positions

   Wachovia objects to these discovery requests on the grounds that they are vague and that Plaintiff is required to make more narrowly tailored requests for specific documents (DE # 30 at 3, 5).[2]

---

[2]  Wachovia also objected to responding to Requests No. 6-7 on the grounds that they are irrelevant since they pertained to claims that fell within the arbitration provisions of the parties' Deposit Agreement and were thus dismissed by the District Court (DE # 30 at 4, 5).  The undersigned notes that Wachovia did not support this contention in its response and, therefore, considers the argument to be waived.  Even if Wachovia did not waive this argument, the undersigned finds that the documents sought

Plaintiff, on the other hand, asserts that these materials are relevant to establish "the parties' course of dealing" and the possibility that they entered into a fiduciary relationship (DE # 30 at 4, 6).  Plaintiff further states that the document requests are reasonably particularized, and not vague, because they ask only for information that relates to the "opening" of accounts in Plaintiff's name; and, moreover, that Wachovia is better positioned to know how it maintains its business records and should reasonably interpret what documents are sought based on its superior knowledge (DE # 30 at 4-6) (citing S.D. Fla. L.R., Appx. A.III.A.2.3).

    2.  <u>Discussion</u>

Wachovia employs different terminology, such as "vagueness," "irrelevance," and "burdensomeness," to describe one basic idea: namely, that Plaintiff cannot request all documents relating to her opening of accounts with Wachovia in the hopes of discovering certain documents that will support her claim a fiduciary relationship existed between them.  Rather, according to Wachovia, Plaintiff must ask for a specific set of documents that will show the existence of a fiduciary relationship.

The Federal Rules are not as demanding as Wachovia suggests.  The undersigned concludes that the documents relating to Plaintiff's opening of accounts with Wachovia may tend to prove (or disprove) her contention that Wachovia accepted fiduciary obligations in connection with its relationship with Plaintiff; and, Plaintiff is not obligated to identify those particular "sets of documents" that she believes will establish the existence of a fiduciary relationship (DE # 38 at 4-6).  In the context of this case,

---

in Requests No. 6-7 are relevant to Plaintiff's remaining claims, in that they are reasonably calculated to lead to the discovery of admissible evidence regarding the nature of Plaintiff's relationship with Defendants, including whether they formed a fiduciary relationship.

Plaintiff's request for documents relating to the opening of accounts in her name is a reasonably specific "set of documents" to satisfy the discovery rules.

        D.     <u>Requests No. 8, 10-13</u>

Plaintiff sought, and Wachovia opposed, the production of the following categories of documents:

Request No. 8: "All account statements" relating to accounts in which Plaintiff had an interest from January 2005 to the present.

Request No. 10: "All ... documents evidencing communications regarding any ... account" in which Plaintiff had an interest.

Request No. 11: "All ... documents evidencing communications regarding any certificates of deposit" in which Plaintiff had an interest.

Request No. 12: "All documents ... concerning the closing of any ... account" in which Plaintiff had an interest in 2005 or 2006.

Request No. 13: "All documents ... concerning the closing of any certificates of deposit" in which Plaintiff had an interest in 2005 or 2006.

        1.     <u>The Parties' Positions</u>

Wachovia objected to these discovery requests on the grounds that they are irrelevant because they pertain to claims that fell within the arbitration provisions of the parties' Deposit Agreement and thus were dismissed by the District Court (DE # 30 at 6-10).

Plaintiff argues that the materials are relevant to establish "the parties' course of dealing" and the possibility that they entered into a fiduciary relationship (DE # 30 at 6-10). Moreover, Plaintiff asserts that Requests No. 10-13 are "reasonably calculated to lead to the discovery of admissible evidence to the extent these documents were

generated or reviewed in the mortgage application and approval process" (DE # 30 at 7-10).

In its response, Wachovia argues that "the majority of the account statements" sought by Plaintiff "involve the period *after* [Plaintiff] entered into the" mortgages at issue; and, therefore, these account statements are not discoverable because they did not exist at the relevant time (DE # 38 at 6).

2.   Discussion

For the reasons discussed above, the undersigned rejects Wachovia's argument that Plaintiff's document requests are not sufficiently clear because they fail to identify specific "sets of documents" that will demonstrate the existence of a fiduciary relationship between the parties.  To say, as Wachovia does, that this discovery is barred because "the relationship between bank and borrower is generally that of creditor and debtor, to which the bank owes no fiduciary duty," is no argument at all where, as here, Plaintiff says that her relationship with Wachovia – as reflected in the requested documents – represents an exception to that general rule (DE # 38 at 5) (quoting *Maxwell v. First United Bank*, 782 So. 2d 931 (Fla. 4th DCA 2001)).

The undersigned also rejects Wachovia's contention that it is "overly burdensome and harassing" to require it to provide Plaintiff "with a duplicate set of all statements from every account over the past four years.  First, Plaintiff herself limited her request for account statements (Requests No. 8, 12-13) to cover the period of 2005 to the present only.[3]  Second, the fact that Wachovia provided Plaintiff with copies of her account

---

[3]  The undersigned notes that Plaintiff did not include a temporal limitation to Requests No. 10-11.  These requests, however, encompass internal communications among bank employees that, unlike her account statements, were presumably not provided to Plaintiff.  Therefore, Wachovia's argument that it will be burdened by

statements does not necessarily mean that Plaintiff retained those statements or, in turn, that the request is truly duplicative.  Finally, a duplicative request is not necessarily an overbearing request, and the passing remark by Wachovia's counsel that it is burdensome to produce a "duplicate set" of the statements is not adequately supported with specific information demonstrating how the request creates an undue burden.  *See Convertino v. U.S. Dept. of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008) ("This Court 'only entertains an unduly burdensome objection when the responding party demonstrates how [discovery of] the document is overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden.'") (internal quotation marks omitted).

     E.    <u>Requests No. 15-17</u>

     Plaintiff sought, and Defendants opposed, the production of James Reinert,  Mary Scott, and Janice Trudel's personnel files.  In her reply, Plaintiff clarifies that she seeks only those documents from the personnel files of those employees that "specifically reference 'incentives, bonuses, quotas, quality control reports, documents related to or concerning job description, salary structure, reimbursements, evaluations, complaints, training, and length of employment'"; and requests the entire file only if every document in the file contains references to the subject matters enumerated above (DE # 49 at 4-5).

     1.    <u>The Parties' Positions</u>

     At the outset, the undersigned notes that Wachovia objected to the production of the personnel files of its employees, James Reinert and Mary Scott (Requests No. 15, 16); while World Savings objected to the production of the personnel file of its employee

---

producing documents that are duplicative of materials that are already in Plaintiff's possession does not apply.

Janice Trudel (Request No. 17).  Because the analysis overlaps, the undersigned will address the objections of both Defendants together below.

Defendants object to the production of the personnel files on the grounds that the requests are overbroad; that the files contain confidential information; and that the files are irrelevant (DE # 30 at 10, 11, 15).  With regard to Mary Scott in particular, Wachovia argues that "[t]he allegations in the Complaint relating to Mary Scott only involve [dismissed] arbitrable claims" (DE # 30 at 11).

Plaintiff asserts that James Reinert and Janice Trudel's personnel files are discoverable because Mr. Reinert is "Defendant's 'financial specialist' that is the primary focus of Plaintiff's action"; and that Ms. Trudel is a "principal player" in this lawsuit who is responsible for placing Plaintiff in the World Savings mortgage.  Therefore, Plaintiff asserts, evidence relating to their "incentives, motivations, training, job description, responsibilities and their historical effectiveness and performance in those regards" or whether their work has resulted in complaints similar to Plaintiff's are all "critical" to this lawsuit.  Plaintiff adds that she is amenable to production with redaction of Mr. Reinert and Ms. Trudel's personal information and that Defendants have not yet produced a forwarding address for these "critical" witnesses despite "numerous requests," hampering Plaintiff's ability to depose them (DE # 30 at 11, 15-16).

Plaintiff asserts that Mary Scott was a manager who "may be a principal witness not only as to Defendant's extensive course of dealings with the Plaintiff," but also as to Plaintiff's abilities and understanding; as well as Plaintiff's perception regarding the formation of a fiduciary relationship (DE # 30 at 12).  The undersigned notes that Plaintiff did not contradict Defendants' assertion that Mary Scott was not directly involved in any of the loans that form the basis of Plaintiff's remaining claims in this lawsuit, and that

Ms. Scott was only directly involved in loans that were the subject of the dismissed claims.

        2.   <u>Discussion</u>

Defendants understandably interpreted this discovery request to encompass these employees' *entire* personnel files and, in arguing that "Plaintiff did not seek specific documents from the personnel file[s]," Defendants implicitly concede that a targeted request for specific documents is not barred simply because those documents may happen to be found in a personnel file (DE # 38 at 8-9) (citing *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641 (10th Cir. 2008)); *see also Nuskey v. Lambright*, 251 F.R.D. 3, 11 (D.D.C. 2008) ("Just as a personnel file need not be produced in its entirety if it contains nonresponsive information, responsive information cannot be withheld merely because it is contained within a personnel file.").

The undersigned therefore finds that documents pertaining to Mr. Reinert and Ms. Trudel that "specifically reference 'incentives, bonuses, quotas, quality control reports, documents related to or concerning job description, salary structure, reimbursements, evaluations, complaints, training, and length of employment,'" are relevant and discoverable. Among other things, this request is reasonably calculated to lead to information that could potentially bolster or hamper Plaintiff's claim that Defendants acted illegally, by showing a pattern of similar behavior by Defendants' employees who were motivated by a salary and incentive structure that encouraged the type of improper conduct alleged in the complaint. As to the personnel file of Ms. Scott, the undersigned finds that she is a witness concerning Plaintiff's capacity to understand and participate in her own financial planning and, in turn, whether her level of her reliance on the advice provided by Defendants' employees placed them in a fiduciary role (DE # 30 at 12).

Therefore, the information is discoverable because it is relevant to her credibility.

At the same time, the undersigned recognizes that these documents may contain sensitive and private information.  Therefore, Plaintiff is required to ensure that information produced by Defendants is treated with discretion, and that it is not shared with or divulged to any individual or entity for any reason outside this litigation.  The parties are encouraged to confer and incorporate additional appropriate voluntary measures designed to protect private information including the redaction of such information prior to production, as Plaintiff suggested.

In light of the limitations set forth above, the undersigned concludes that Plaintiff's request for information contained in Defendants' employees' personnel files is not overbroad.

F.     Requests No. 18-20

Plaintiff sought, and Defendants opposed, the production of the following categories of documents:

Request No. 18: "Underwriting guidelines for residential mortgages throughout 2006."

Request No. 19: "Quality Control (QC) and/or Quality Assurance (QA) policies from 2006 through the present; and all QC/QA reports that reviewed loans produced by[:] a) James Reinert; b) Janice Trudell; c) the bank branch(es) generating the Wachovia or World [Savings] mortgages that are the subject of this action; and d) the underwriter(s) of the Wachovia or World [Savings] mortgages that are the subject of this action, for the 24 month period preceding each loan."

Request No. 20: "Documents reflecting all mortgage product offered by you throughout 2006."

1.    <u>**The Parties' Positions**</u>

**Defendants argue that the documents responsive to these requests are overbroad, unduly burdensome, and that they seek non-discoverable confidential trade secrets (DE # 30 at 12-13, 16-17).**

**Plaintiff asserts that she is entitled to discover materials that directly relate to her allegation that Defendants violated their own internal underwriting guidelines in selling Plaintiff mortgages that were unsuitable for her financial circumstances; that these documents are relevant to a potential defense that Defendants made an "honest mistake" by encouraging Plaintiff to purchase a particular mortgage if Defendants did not offer any possible mortgage product that was more suitable to her needs; and that the Court is permitted to require the production of information containing trade secrets while protecting their confidential nature and that Plaintiff continues to offer a nondisclosure limitation on the documents produced in response to these requests (DE # 30 at 12-13, 16-18) (citing Fed. R. Civ. P. 26(c)(7)).  Plaintiff explained that Request No. 20 seeks only documents which will set forth what the available mortgage products were in 2006, and does not seek "all documents reflecting those mortgage products (DE # 30 at 14).**

2.    <u>**Discussion**</u>

**In their response brief, Defendants rely primarily on *Open Software Found. v. U.S. Fid. & Guar. Co.*, 191 F.R.D. 325 (D. Mass. 2000), to argue that the discovery of its proprietary information would constitute an undue burden.  Contrary to their assertion, however, *Open Software* is *not* "squarely on point" (DE # 38 at 9).  The issue in *Open Software* was whether an insurance company was obligated to defend its insured in a lawsuit.  The court in that case concluded that the rules, policies and guidelines**

12

"actually relied upon" by the insurance company to deny coverage were discoverable, while production of *all* of the insurance company's underwriting rules, policies and guidelines was both "largely irrelevant" and created an undue burden of production. *Id.* at 328.

In contrast, Plaintiff in this case argues that Defendants breached their fiduciary duty to her by ignoring their own rules, policies and guidelines regarding the sale of mortgages and instead directed Plaintiff to purchase mortgages that were inappropriate for someone in her circumstances. Thus, in this case, the guidelines regarding other mortgages than the ones that Plaintiff actually purchased are directly relevant to determine whether Defendants' advice to Plaintiff was imprudent, and, if so, whether the mistake was negligent or intentional.

The undersigned also notes that discovery of relevant evidence may be restricted by the Court if the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b). Defendants' response repeats that Plaintiff's discovery requests create an undue burden, without providing any specific information concerning the burden or expense of producing these documents in the context of this case. There is simply no factual basis to support the conclusion that producing the underwriting guidelines for the mortgage products that Defendants offered its customers in 2006 would be unduly burdensome; and, absent a specific showing of burdensomeness, Plaintiff is entitled to discover this relevant information.

This logic applies equally to Plaintiff's request for QC/QA reports. Defendants'

13

corporate representative explained during his deposition that the QC/QA reports for employees are kept in their personnel files and that they are retrievable through the company's intranet network (DE # 49 at 5-6).  Therefore, Plaintiff is entitled to receive, and Defendants are required to produce, the QC/QA reports for Mr. Reinert and Ms. Trudel.[4]

   In light of the potentially sensitive nature of these reports, Plaintiff is required to ensure that they are treated with discretion and that they it is not shared with or divulged to any individual or entity for any reason outside this litigation, in addition to any further voluntary measures the parties agree to undertake in order to protect confidential information that is produced in connection with this case.

   G.   Attorneys' Fees

   Plaintiff requested that the Court require Defendants to pay attorneys' fees in connection with this motion (DE # 31 at 8).  The undersigned concludes, based upon a review of the record as a whole, that it is not appropriate to award attorneys' fees to either party at the present time.  It is, accordingly,

   **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE # 30) is **GRANTED IN PART AND DENIED IN PART** as follows:

   1.   Plaintiff's motion to compel the production of documents responsive to Requests No. 6-7 is **GRANTED**.  On or before December 1, 2008, Defendants shall produce all materials in their possession, custody or control that are responsive to

_____

   [4] Based on her reply, it appears that Plaintiff limited her request to QC/QA reports that apply to these employees only (DE # 49 at 10).  To the extent that Plaintiff seeks a broader range of QC/QA reports, she has failed to demonstrate how those reports are relevant to the claims remaining in this lawsuit and, therefore, her request for those reports is denied.

14

Requests No. 6-7.

2.      Plaintiff's motion to compel the production of documents responsive to Requests No. 8 and 10-13 is **GRANTED**.  On or before December 1, 2008, Defendants shall produce all materials in their possession, custody or control that are responsive to Requests No. 8 and 10-13.

3.      Plaintiff's motion to compel the production of documents responsive to Requests No. 15-17 is **GRANTED, IN PART**.  On or before December 1, 2008, Defendants shall produce all materials in their possession, custody or control that are found in the personnel files of James Reinert, Janice Trudel and Mary Scott and which specifically reference incentives, bonuses, quotas, quality control reports, documents related to or concerning job description, salary structure, reimbursements, evaluations, complaints, training and length of employment.  Plaintiff is required to ensure that confidential information produced by Defendants is treated with discretion, and that it is not shared with or divulged to any individual or entity for any reason outside this litigation, in addition to any other voluntary measures that the parties agree are appropriate to protect the confidential information provided by Defendants in response to Plaintiff's request for production.

4.      Plaintiff's motion to compel the production of documents responsive to Requests No. 18-20 is **GRANTED, IN PART**.  On or before December 1, 2008, Defendants shall produce all documents within their possession, custody or control that are responsive to Requests No. 18 and 20, as well as Quality Control and/or Quality Assurance reports that reviewed loans produced by James Reinert or Janice Trudel (Request No. 19).  Plaintiff is required to ensure that confidential information produced

15

by Defendants is treated with discretion, and that it is not shared with or divulged to any individual or entity for any reason outside this litigation, in addition to any other voluntary measures that the parties agree are appropriate to protect the confidential information provided by Defendants in response to Plaintiff's request for production.

5.     Plaintiff's request for attorneys' fees in connection with this motion is DENIED.

DONE AND ORDERED in chambers in Miami, Florida on November 19, 2008.

*Andrea M. Simonton*

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Ursula Ungaro,
       United States District Judge
All counsel of record

16